■ MUHIEDDINE R. GHANDOUR, Appellant, v SHEARSON LEHMAN HUTTON, INC., Respondent.—Order, Supreme Court, New York County (C. Beauchamp Ciparick, J.), entered July 9, 1990, granting defendant's dismissal motion pursuant to CPLR 3211 (a) (2), (5); 3016 (b) and 214 (3) only to the extent of dismissing the amended complaint pursuant to CPLR 3211 (a) (2) for lack of subject matter jurisdiction, unanimously reversed, on the law, that part of defendant's motion denied and the matter is remanded to the nisi prius court for consideration of the other branches of defendant's motion, with costs.

In this action alleging common law fraud, breach of fiduciary duty and conversion of assets, plaintiff seeks to recover $20 million he lost in 1983 and 1984 through a commodities trading account which, he alleges, he was fraudulently induced to open by a certain Jean Hindi, who was held out to be defendant's agent. Plaintiff also seeks $25 million in punitive damages. In dismissing the amended complaint, the IAS court found that plaintiff's claims are preempted by the Commodity Exchange Act (7 USC § 1 *et seq.)* and, relying on 7 USC § 25 (c), held that the U.S. District Courts have exclusive jurisdiction to hear claims such as plaintiff's. That section specifically states, however, that it applies only to private rights of action brought under that section.

We agree with the overwhelming body of case law which holds that, while establishing a wide-ranging scheme for the regulation of commodities trading, nothing in the Act preempts or abolishes traditional common law claims for damages. *(See, e.g., Kerr v First Commodity Corp.,* 735 F2d 281,

288; *Kotz v Bache Halsey Stuart*, 685 F2d 1204; *Khalid Bin Talal Bin Abdul Azaiz Al Seoud v Hutton & Co.*, 720 F Supp 671, 679-682; *Patry v Rosenthal & Co.*, 534 F Supp 545.) Concur—Sullivan, J. P., Carro, Rosenberger, Kupferman and Rubin, JJ.